MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

RICARDO DE LOS SANTOS
COMONFORT, *individually and on behalf of*
*others similarly situated,*

*Plaintiff,*

-against-

SERVICES MANGIA, INC.  (D/B/A
MANGIA 48TH MADISON), MANGIA 57,
INC.  (D/B/A MANGIA 57TH STREET),
JOANNA SASHA & FRIENDS FOOD SVC
INC.  (D/B/A MANGIA 57TH STREET),
SASHA MUNIAK , PAWELL KOSZALKA ,
MARGARET DOE , and SILVIA DOE ,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Ricardo De los Santos Comonfort ("Plaintiff De los Santos" or "Mr. De los Santos"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Services Mangia, Inc. (d/b/a Mangia 48th Madison), Mangia 57, Inc. (d/b/a Mangia 57th Street), Joanna Sasha & Friends Food SVC Inc. (d/b/a Mangia 57th Street), ("Defendant Corporations"), Sasha Muniak, Pawell Koszalka,  Margaret Doe, and  Silvia Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff De los Santos is a former employee of Defendants Services Mangia, Inc. (d/b/a Mangia 48th Madison), Mangia 57, Inc. (d/b/a Mangia 57th Street), Joanna Sasha & Friends Food SVC Inc. (d/b/a Mangia 57th Street), Sasha Muniak, Pawell Koszalka, Margaret Doe, and Silvia Doe.

2.       Defendants own, operate, or control Italian restaurants, located at 422 Madison Avenue, New York, NY 10017 under the name "Mangia 48th Madison", at 50 W 57th St, New York, NY 10019 under the name "Mangia 57th Street", and at 50 W 57th St, New York, NY 10019 under the name "Mangia 57th Street".

3.      Upon information and belief, individual Defendants Sasha Muniak, Pawell Koszalka, Margaret Doe, and Silvia Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff De los Santos was employed as a delivery worker at the restaurants located at 422 Madison Avenue, New York, NY 10017, 50 W 57th St, New York, NY 10019, and 50 W 57th St, New York, NY 10019.

5.      Plaintiff De los Santos was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cutting vegetables, chicken, fruits, making yogurt, folding cardboard boxes, stocking supplies, and baking the bread (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff De los Santos worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to pay Plaintiff De los Santos appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants employed and accounted for Plaintiff De los Santos as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.      Regardless, at all relevant times, Defendants paid Plaintiff De los Santos at a rate that was equal to the required tip-credit rate.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff De los Santos's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff De los Santos's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff De los Santos at the minimum wage rate and enabled them to pay him at the tip-credit rate.

12.     Defendants' conduct extended beyond Plaintiff De los Santos to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De los Santos and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff De los Santos now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiff De los Santos seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff De los Santos's state law claims under 28 U.S.C. § 1367(a).

17.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff De los Santos was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

18.     Plaintiff Ricardo De los Santos Comonfort ("Plaintiff De los Santos" or "Mr. De los Santos") is an adult individual residing in Bronx County, New York.

19.     Plaintiff De los Santos was employed by Defendants at Mangia 48th and Mangia 57th from approximately March 2015 until on or about August 9, 2019.

20.     Plaintiff De los Santos consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled an Italian restaurant, located at 422 Madison Avenue, New York, NY 10017 under the name "Mangia 48th Madison", and at 50 W 57th St, New York, NY 10019 under the name "Mangia 57th Street."

22.     Upon information and belief, Services Mangia, Inc. (d/b/a Mangia 48th Madison) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 422 Madison Avenue, New York, NY 10017.

23.     Upon information and belief, Mangia 57, Inc. (d/b/a Mangia 57th Street) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 50 W 57th St, New York, NY 10019.

24.     Upon information and belief, Joanna Sasha & Friends Food SVC Inc. (d/b/a Mangia 57th Street) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 50 W 57th St, New York, NY 10019.

25.     Defendant Sasha Muniak is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sasha Muniak is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sasha Muniak possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff De los Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Pawell Koszalka is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pawell Koszalka is sued individually in his capacity as a manager of Defendant Corporations. Defendant Pawell Koszalka possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff De los Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Margaret Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Margaret Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Margaret Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff De los Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant Silvia Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Silvia Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Silvia Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff De los Santos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate two Italian restaurants located in the Midtown East section of Manhattan in New York City.

30.     Individual Defendants, Sasha Muniak, Pawell Koszalka, Margaret Doe, and Silvia Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiff De los Santos's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff De los Santos, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiff De los Santos (and all similarly situated employees) and are Plaintiff De los Santos's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiff De los Santos and/or similarly situated individuals.

35.     Upon information and belief, Individual Defendant Sasha Muniak operates Defendant Corporations as either alter egos of herself and/or fails to operate Defendant Corporations as entities legally separate and apart from herself, by among other things:

        a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for her own benefit as the sole or majority shareholder,

e)  operating Defendant Corporations for her own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of her own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect her own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiff De los Santos's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff De los Santos, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff De los Santos's services.

In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff De los Santos is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff De los Santos seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ricardo De los Santos Comonfort*

40.     Plaintiff De los Santos was employed by Defendants from approximately March 2015 until on or about August 9, 2019.

41.     Defendants ostensibly employed Plaintiff De los Santos as a delivery worker.

42.     However, Plaintiff De los Santos was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.     Although Plaintiff De los Santos ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.     Plaintiff De los Santos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.     Plaintiff De los Santos's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff De los Santos regularly worked in excess of 40 hours per week.

47.     From approximately March 2015 until on or about August 9, 2019, Plaintiff De los Santos worked at the Mangia 48th location from approximately 4:30 a.m. until on or about 2:00

p.m., four days a week and from approximately 4:30 a.m. until on or about 2:30 p.m. one day a week ;  In addition, throughout his employment, Plaintiff De los Santos worked from approximately 6:00 a.m. until on or about 2:00 p.m. during all major holidays, including Martin Luther King, Jr. Day, Presidents' day, Memorial Day, Veteran's Day, and Columbus Day (typically 48 to 56 hours per week).

48.     However, from approximately December 20th to December 31st of each relevant year (2015 – 2018), Plaintiff De los Santos worked at the Mangia 57th location from approximately 6:00 a.m. until on or about 2:00 p.m., Mondays through Fridays (typically 40 hours per week).

49.     Throughout his employment, Defendants paid Plaintiff De los Santos his wages by check.

50.     From approximately March 2015 until on or about December 2015, Defendants paid Plaintiff De los Santos $5.65 per hour for 29 to 38 hours.

51.     From approximately January 2016 until on or about December 2017, Defendants paid Plaintiff De los Santos $7.50 per hour for 36 to 40 hours per week.

52.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff De los Santos $8.65 per hour for 38 to 40 hours per week.

53.     From approximately January 2019 until on or about August 9, 2019, Defendants paid Plaintiff De los Santos $10.00 per hour for 36 to 37 hours per week.

54.     Plaintiff De los Santos's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55.     For example, Defendants required Plaintiff De los Santos to start working 30 minutes prior to his scheduled start time regularly, and to continue working 30 minutes past his scheduled stop time once a week, and did not pay him for the additional time he worked.

56.     Although defendants granted Plaintiff De los Santos a 30 minute meal break, he was never able to take it due to the duties defendants imposed on him;  nevertheless, Defendants did not give Plaintiff De los Santos credit on his weekly paycheck for break times  he was required to work.

57.     Plaintiff De los Santos was never notified by Defendants that his tips were being included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff De los Santos's wages.

59.     Defendants only allowed Plaintiff De los Santos to punch in when he started working, but not to punch out when he finished working. As a result, Plaintiff De los Santos was not compensated for all of the hours that he worked.

60.     Specifically, defendants only compensated Plaintiff DE los Santos for 36 to 40 hours per week, even though he actually worked 48 to 56 hours each week.

61.     On a number of occasions, Defendants required Plaintiff De los Santos to sign a document, the contents of which he was not allowed to review in detail.

62.     Defendants did not provide Plaintiff De los Santos an accurate statement of wages, as required by NYLL 195(3).

63.     In fact, Defendants adjusted Plaintiff De los Santos's paystubs so that they reflected inaccurate wages and hours worked.

64.     Defendants did not give any notice to Plaintiff De los Santos, in English and in Spanish (Plaintiff De los Santos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants required Plaintiff De los Santos to purchase "tools of the trade" with his own funds—including uniform pants and shirts.

*Defendants' General Employment Practices*

66.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De los Santos (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

67.    Plaintiff De los Santos was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

68.    Defendants' pay practices resulted in Plaintiff De los Santos not receiving payment for all his hours worked, and resulted in Plaintiff De los Santos's effective rate of pay falling below the required minimum wage rate.

69.    Defendants habitually required Plaintiff De los Santos to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

70.    Defendants required Plaintiff De los Santos and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

71.    Plaintiff De los Santos and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.    Plaintiff De los Santos's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

73.    Plaintiff De los Santos and all other tipped workers were paid at a rate that was equal to the required lower tip-credit rate by Defendants.

74.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff De los Santos's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

76.     In violation of federal and state law as codified above, Defendants classified Plaintiff De los Santos and other tipped workers as tipped employees, and paid them at a rate that was equal to the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

77.     Defendants failed to inform Plaintiff De los Santos who received tips that Defendants intended to take a deduction against Plaintiff De los Santos's earned wages for tip income, as required by the NYLL before any deduction may be taken.

78.     Defendants failed to inform Plaintiff De los Santos who received tips, that his tips were being credited towards the payment of the minimum wage.

79.     Defendants failed to maintain a record of tips earned by Plaintiff De los Santos who worked as a delivery worker for the tips he received.

80.     Defendants' time keeping system did not reflect the actual hours that Plaintiff De los Santos worked.

81.     On a number of occasions, Defendants required Plaintiff De los Santos to sign a document the contents of which he was not allowed to review in detail.

82.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff De los Santos (and similarly situated individuals) worked, and to avoid paying Plaintiff De los Santos properly for his full hours worked.

83.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff De los Santos and other similarly situated former workers.

85.     Defendants failed to provide Plaintiff  De los Santos and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86.     Defendants failed to provide Plaintiff De los Santos and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.    Plaintiff De los Santos brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

88.    At all relevant times, Plaintiff De los Santos and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

89.    The claims of Plaintiff De los Santos stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

90.    Plaintiff De los Santos repeats and realleges all paragraphs above as though fully set forth herein.

91.    At all times relevant to this action, Defendants were Plaintiff De los Santos's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff De los Santos (and the FLSA Class Members), controlled the

terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

92.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

94.     Defendants failed to pay Plaintiff De los Santos (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95.     Defendants' failure to pay Plaintiff De los Santos (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiff De los Santos (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

97.     Plaintiff De los Santos repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff De los Santos (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

99.     Defendants' failure to pay Plaintiff De los Santos (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100.     Plaintiff De los Santos (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

101.     Plaintiff De los Santos repeats and realleges all paragraphs above as though fully set forth herein.

102.     At all times relevant to this action, Defendants were Plaintiff De los Santos's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff De los Santos, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

103.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff De los Santos less than the minimum wage.

104.     Defendants' failure to pay Plaintiff De los Santos the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105.     Plaintiff De los Santos was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

106.     Plaintiff De los Santos repeats and realleges all paragraphs above as though fully set forth herein.

107.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff De los Santos  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

108. Defendants' failure to pay Plaintiff De los Santos overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109. Plaintiff De los Santos was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

110. Plaintiff De los Santos repeats and realleges all paragraphs above as though fully set forth herein.

111. Defendants failed to provide Plaintiff De los Santos with a written notice, in English and in Spanish (Plaintiff De los Santos's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

112. Defendants are liable to Plaintiff De los Santos in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

113.    Plaintiff De los Santos repeats and realleges all paragraphs above as though fully set forth herein.

114.    With each payment of wages, Defendants failed to provide Plaintiff De los Santos with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

115.    Defendants are liable to Plaintiff De los Santos in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

116.    Plaintiff De los Santos repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants required Plaintiff De los Santos to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

118.    Plaintiff De los Santos was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff De los Santos respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De los Santos and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De los Santos and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff De los Santos's  and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff De los Santos and the FLSA Class members;

(f)     Awarding Plaintiff De los Santos and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff De los Santos and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De los Santos;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De los Santos;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff De los Santos's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff De los Santos;

(l)     Awarding Plaintiff De los Santos damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff De los Santos damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff De los Santos liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff De los Santos and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff De los Santos and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff De los Santos demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 7, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 9, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Ricardo De los Santos Comonfort

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      9 de agosto 2019

*Certified as a minority-owned business in the State of New York*