UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO DE LOS SANTOS COMONFORT,
individually and on behalf of others similarly
situated,

                      Plaintiffs,

       – against –

SERVICES MANGIA, INC. (D/B/A MANGIA
48TH MADISON), MANGIA 57, INC.
(D/B/A MANGIA 57TH STREET), JOANNA
SASHA & FRIENDS FOOD SVC INC.
(D/B/A MANGIA 57TH STREET), SASHA
MUNIAK, PAWELL KOSZALKA,
MARGARET DOE, and SILVIA DOE,

                      Defendants.

**ORDER**

19 Civ. 9262 (ER)

Ramos, D.J.:

      Ricardo De los Santos Comonfort brought this action on October 7, 2019 against Services Mangia, Inc. (d/b/a Mangia 48th Madison), Mangia 57, Inc. (d/b/a Mangia 57th Street), Joanna Sasha & Friends Food Svc Inc. (d/b/a Mangia 57th Street), Sasha Muniak, Pawell Koszalka, Margaret Doe, and Silvia Doe (collectively, "Defendants") for violations of the Federal Labor Standards Act ("FLSA") and New York Labor Law. Doc. 1. Pending before the Court is the parties' request for approval of their Settlement Agreement ("Agreement"). Doc. 35.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL

8773460, at *1 (S.D.N.Y. Dec. 14, 2015).  Whether a proposed settlement is fair and reasonable is evaluated by looking at the totality of the circumstances, including but not limited to

> (1) the plaintiff's range of possible recovery;
> (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
> (3) the seriousness of the litigation risks faced by the parties;
> (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and
> (5) the possibility of fraud or collusion.

*Id.* (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Factors that would weigh against settlement include:

> (1) the presence of other employees situated similarly to the claimant;
> (2) a likelihood that the claimant's circumstance will recur;
> (3) a history of FLSA noncompliance by the same employer or others in the same industry or geographic region; and
> (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Beckert*, 2015 WL 8773460, at *1 (citing *Wolinsky*, 900 F. Supp. 2d at 336).  Based on the totality of circumstances, the Court finds that the Agreement is fair and reasonable.

The parties have negotiated a settlement for $90,000 through mediation.  Docs. 35 at 2; 35-2 at 1-2; *Beckert*, 2015 WL 8773460, at *2 (approving settlement reached after arms-length negotiations).  The settlement amount represents over 40% of Plaintiff's estimated damages of $209,654.33 and is justified by the risks associated with litigating this case.  Doc. 35 at 2; *Beckert*, 2015 WL 8773460, at *2 (finding reasonable a settlement recovering only 23% of estimated damages).  Defendants argued that they paid Plaintiff more than he was entitled to under the law and produced employment records contradicting his claims.  Doc. 35 at 2.  "In light of these litigation risks, the decision to forgo the burden and expense of trial is reasonable." *Beckert*, 2015 WL 8773460, at *2.  In addition, because Plaintiff no longer works for Defendants,

it is "unlikely that [he] was unduly pressured to settle[.]" *Id.*; Doc. 1 at ¶ 19. The Court is unaware of any other circumstances which would weigh against approval of the Agreement. Accordingly, because the Agreement "reflects a reasonable compromise over contested issues, the settlement should be approved." *Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337 (WHP), 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011) (citation omitted).

However, the Agreement's apportionment of attorney's fees is not reasonable. Plaintiff's counsel propose retaining $29,999, or one-third of the settlement amount.[1] Doc. 35 at 2. Although Courts in this District routinely approve awards of one-third of the settlement amount, Courts still cross check that amount against the lodestar to ensure its reasonableness. *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Based on counsel's submissions, the partner and two senior associates on this matter billed at an hourly rate of $450, $400, and $375 respectively. Doc. 35. Though these rates are considered reasonable for qualified attorneys in this District, they yield a lodestar of $6,865, resulting in a multiplier of 4.36. Doc. 35 at 2-3. *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437-39 (S.D.N.Y. 2014) (finding $250-450 per hour appropriate for experienced litigators but rejecting a hypothetical 3.8 multiplier) (citation omitted). Courts have recognized that working on contingency "entitles [attorneys] to some premium for the risk incurred" but that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk[.]" *Id.* at 438-39; *see also Lazo*, 2019 WL 95638, at *3.

---

[1] Counsel explain that their retainer agreement with Plaintiff affords them *forty* percent of any recovery by Plaintiff, not thirty, but that counsel reduced their fees. Doc. 35 at 2. Counsel do not provide the Court with a copy of the retainer agreement, but the Court notes that "[e]xcept in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 343 (S.D.N.Y. 2016) (citation omitted). Counsel cite no reason why this case was, at least at the time of execution of the retainer agreement, so extraordinary as to warrant a forty percent contingency fee.

Counsel reason that a multiplier of 4.36 is reasonable because of "the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement."  Doc. 35 at 3.  Counsel cite Defendants' evidence contrary to Plaintiff's position, and their billing records reflect settlement negotiations lasting from February until September 2020.  Docs. 35 at 2; 35-2 at 2-3.  Counsel also rely on *Pinzon v. Jony Food Corp.*, where the Court approved a multiplier of 5.23 because while "on the high end of those generally allowed in this Circuit, . . . it is not unheard of."  No. 18 Civ. 105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. 2018) (citation omitted).  But the *Pinzon* Court also recognized that "[e]ven one-third awards . . . can be simply too great in relation to the work performed."[2]  *Id.* (citation omitted).  Following careful review of counsel's billing records, and acknowledging that this case involved several contested legal and factual disputes, the Court reduces the attorney's fees award to $20,000, which reduces the multiplier to a reasonable 2.9.  *Montes v. 11 Hanover Grp. LLC*, No. 17 Civ. 9376 (SDA), 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019) (reducing 4.76 multiplier to 2.07); *Hernandez v. Vill. Natural Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020) (approving settlement upon reducing multiplier to 3).

---

[2] The other authorities counsel cite arise outside of the FLSA context, concern attorney's fees paid by defendants separate from the settlement, or involve inadequate billing records preventing accurate calculation of the lodestar.  *See, e.g.*, *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13 Civ. 6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *6 n.1 (E.D.N.Y. Nov. 19, 2014) (approving attorney's fees amounting to one-third the settlement where lodestar was lower); *Shapiro v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 8331 (CM) (MHD), 11 Civ. 7961 (CM), 2014 WL 1224666, at *18 (S.D.N.Y. Mar. 24, 2014) (noting, in a non-FLSA case, that "the proposed Attorneys' Fees Payment . . . will not reduce the award to the Settlement Class" and therefore "the Court's fiduciary role in overseeing the award is greatly reduced") (citation omitted); *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010) (approving one-third attorney's fees despite lack of adequate billing records depriving the Court of the ability to fully cross-check it).

Accordingly, the Court approves the Agreement subject to the reduction of the attorney's fees award and costs to $20,687.60[3] and a corresponding increase in Plaintiff's award to $69,312.40, and dismisses the case with prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 35, and to terminate the case.

It is SO ORDERED.

Dated:   September 28, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

---

[3] Costs were $687.60. Doc. 35-2 at 3.