# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                         Telephone: (212) 317-1200
New York, New York 10165                                           Facsimile: (212) 317-1620

—————

michael@faillacelaw.com

October 9, 2020

**VIA ECF**
Hon. Edgardo Ramos, USDJ
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
Brooklyn, New York 11201

      Re:    De Los Santos Comomfort v. Services Mangia, Inc. et al;
               S.D.N.Y. Index No. 19-cv-9262

Your Honor:

      This office represents Plaintiff in the above referenced matter.  Plaintiff writes jointly with Defendants to submit this amended letter setting forth our views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions.  A copy of the Agreement is attached hereto as "Exhibit A."   We therefore ask the Court to approve the settlement, pursuant to _Cheeks v. Freeport Pancake House_, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

## 1.  **Background**

      Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 _et seq_. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 _et seq._, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

      Plaintiff contends that he was an employee of Defendants at their restaurant, "Mangia". Plaintiff alleges Defendants maintained a policy and practice of requiring Plaintiff (and upon information and belief, other employees) to work in excess of forty hours per week without paying him the minimum wage and overtime compensation required by federal and state laws. Specifically, Plaintiff was employed by Defendants as a delivery worker for nearly four years. Throughout his employment, Defendants paid Plaintiff an hourly rate below the minimum wage, in contravention of labor laws.

_Certified as a minority-owned business in the State of New York_

Page 2

Defendants categorically deny the allegations in the Complaint.

## 2.  Settlement Terms

Plaintiff alleges Defendants are liable for damages of $209,654.33 (including unpaid wages of $87,710.28 and other related damages, but excluding attorneys' fees).  The parties have agreed to settle this action for the total sum of $90,000.  The settlement shall be paid in two installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims.  Defendants produced a plethora of employment records contradicting Plaintiff's claims.  Defendants also argued that they were entitled to pay Plaintiff at the lower rate they did under the law.  While Plaintiff disputes both the accuracy of the records and Defendants entitlement to pay him the rate they did under the law, he recognizes that the Defendants have a colorable defense which poses a serious threat to his potential recovery at trial.

Considering the risks in this case outlined above, Plaintiff believe that this settlement is an excellent result, and should be approved as fair.  *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## 3.  Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $20,687.60 from the settlement fund as attorneys' fees and costs.[1] This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $6,865.  A copy of Plaintiff's billing record is attached as "Exhibit B."  Plaintiff's counsel is asking for 2.9 times their lodestar; the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result."

---

[1] $20,000 in fees and $687.50 in costs.

Page 3

*Hernandez v. Vill. Natural Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020) (awarding this firm fees of 3 times lodestar). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiff in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

      i.      My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

      ii.      Joshua Androphy was a Senior Attorney at Michael Faillace & Associates, P.C., and was regularly billed at an hourly rate of $400.00. This was his standard rate for matters on which he was paid at an hourly rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since he joined Michael Faillace & Associates, P.C. in 2012, Androphy was responsible for litigating all aspects of employment claims in state and federal court. Androphy was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. Androphy's billing rate of $400 per hour is reflected in Exhibit C with the initials "JA."

      iii.      Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015.

      iv.      Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $125 per hour.

Page 4

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                              Respectfully submitted,

                              /s/Michael Faillace
                              Michael Faillace
                              MICHAEL FAILLACE & ASSOCIATES, P.C.
                              Attorneys for the Plaintiff

Enclosures